UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

v.                                                  CRIMINAL ACTION NO. 5:22-cr-00046-1

BISHEEM JONES.

### MEMORANDUM OPINION AND ORDER

Pending is Defendant Bisheem Jones' Motion for Judgment of Acquittal or, Alternatively, Motion for a New Trial, filed January 6, 2023. [Doc. 632]. The matter is ready for adjudication.

### I.

On July 19, 2022, a grand jury named Mr. Jones in four counts of a five-count Superseding Indictment. He was charged with (1) Conspiracy to Travel Interstate with the Intent to Deal in Firearms Without a License, in violation of 18 U.S.C. § 371 ("Count One"); (2) Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) ("Count Two"); (3) Aiding and Abetting Interstate Travel with the Intent to Deal in Firearms Without a License, in violation of 18 U.S.C. §§ 2 and 924(n) ("Count Three"); and (4) Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Four"). [Doc. 379]. On December 16, 2022, Mr. Jones was convicted on Counts One through Three and acquitted on Count Four [Doc. 610].

Mr. Jones timely filed his Motion for Judgment of Acquittal or, Alternatively,

Motion for a New Trial on January 6, 2023. [Doc. 632]. Mr. Jones devotes much space to an insufficiency claim on Count Two. *Id.* at 3-7. He offers the same challenge, albeit more briefly, to Counts One and Three. *Id.* at 8.

## II.

*Federal Rule of Criminal Procedure* 29 provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Cim. P. 29(c)(1). The Rule 29 locus is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Millender*, 970 F.3d 523, 528 (4th Cir. 2020) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "A defendant contending that there was insufficient evidence to support his guilty verdict 'must overcome a heavy burden.'" *United States v. Haas*, 986 F.3d 467, 477 (4th Cir. 2021) (quoting *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017)). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *Wolf*, 860 F.3d at 194 (quoting *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir. 2010)).

Pursuant to Rule 33, "[a] district court retains discretion to grant a new trial if doing so is in 'the interest of justice.'" *Millender*, 970 F.3d at 531 (quoting *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985) and Fed. R. Crim. P. 33(a)). But new trials are granted "sparingly." *United States v. Palin*, 874 F.3d 418, 423 (4th Cir. 2017) (quoting *Arrington*, 757 F.2d at 1486). The "evidence [must] weigh so heavily against the verdict" that it gives rise to injustice. *Millender*, 970 F.3d at 531 (alteration in original) (quoting *Arrington*, 757 F.2d at 1485).

III.

*A. Count Two*

Mr. Jones contends there was insufficient evidence to support a money laundering conspiracy. [Doc. 632 at 3-5]. He additionally alleges a vacuum of proof respecting whether (1) he knew the property involved was derived from specified unlawful activity, and (2) he knowingly and voluntarily joined any money laundering conspiracy. *Id.* at 6-7. Finally, he opines the jury confused the money laundering conspiracy with the interstate firearms trafficking conspiracy. *Id.* at 7.

A money laundering conspiracy conviction requires proof that "(1) an agreement to commit money laundering existed between one or more persons, (2) the defendant knew that the money laundering proceeds had been derived from an illegal activity, and (3) the defendant knowingly and voluntarily became part of the conspiracy." *United States v. Singh*, 518 F.3d 236, 248 (4th Cir. 2008) (citing *United States v. Alerre*, 430 F.3d 681, 693-94 (4th Cir. 2005)). The substantive offense of money laundering, in turn, depends upon proof the defendant (1) "conducted or attempted to conduct a financial transaction; (2) involving the proceeds of a specified unlawful activity; (3) knowing that the property involved proceeds of an unlawful activity; and (4) intending to promote the carrying on of the specified unlawful activity." *United States v. Cloud*, 680 F.3d 396, 403 (4th Cir. 2012) (citing *Singh*, 518 F.3d at 246); *see United States v. Wilkinson*, 137 F.3d 214, 220 (4th Cir. 1998) (citing 18 U.S.C. § 1956(a)(1)(A)(i) and (c)).

A conspiracy does not require "a formal agreement . . . in violation of federal law; a tacit or mutual understanding among or between the parties will suffice." *United States v. McIver*, 470 F.3d 550, 563 (4th Cir. 2006) (quoting *United States v. Depew*, 932 F.2d 324, 326 (4th Cir. 1991)). Moreover, "[g]iven the 'clandestine and covert' nature of conspiracies, the government

can prove the existence of a conspiracy by circumstantial evidence alone." *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014) (quoting *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc)). Finally, the money laundering statute classifies interstate firearms trafficking, in violation of 18 U.S.C. § 924(n), as specified unlawful activity. 18 U.S.C. § 1956(c)(7)(D).

The evidentiary record amply demonstrates "*any* rational trier of fact could have found the essential elements of [conspiracy to commit money laundering] beyond a reasonable doubt." *Millender*, 970 F.3d at 528 (emphasis in original) (quoting *Jackson*, 443 U.S. at 319). First, multiple witnesses testified Mr. Jones paid others to purchase firearms or arrange purchases for him [Docs. 636 at 184, 637 at 52-53, 118, 152-53, 175, 176-80, 221, 644 at 49-50, 55-56, 86-87, 89, 130]; documentary evidence supported several of the transactions [Docs. 613-1, 614-18]. Mr. Jones' fellow traffickers also testified that, after purchasing firearms, they transported them to Philadelphia for resale. [Docs. 637 at 84-93, 103-06, 108-10, 117-19, 644 at 116-17, 118-19, 120, 121-23, 129]. They further testified that Mr. Jones did not have a job [Docs. 637 at 103, 644 at 132], and documentary evidence showed Mr. Jones had not filed taxes during the relevant timeframe from 2018 to 2021 [Docs. 644 at 151-52, 615-7].

The jury could quite permissibly have concluded from this and other evidence that Mr. Jones had "a tacit or mutual understanding" that financial transactions would be made to promote interstate firearms trafficking. *McIver*, 470 F.3d at 563 (quoting *Depew*, 932 F.2d at 326). While there is no direct evidence that the funds provided by Mr. Jones were derived from specified unlawful activity, "the government can prove the existence of a conspiracy by circumstantial evidence alone." *Howard*, 773 F.3d at 525 (quoting *Burgos*, 94 F.3d at 857). The circumstantial evidence demonstrated funds used by Mr. Jones arose from interstate firearms trafficking.

4

Therefore, "viewing the evidence in the light most favorable to the prosecution," *Millender*, 970 F.3d at 528 (quoting *Jackson*, 443 U.S. at 319), a rational trier of fact could have found a money laundering agreement.

Respecting the second element, one begins with Mr. Jones' unemployed status and failure to file taxes from 2018 to 2021 [Docs. 644 at 151-52, 615-7, 637 at 103, 644 at 132]. One then adds thereto that (1) Mr. Jones paid others to purchase firearms [Docs. 636 at 184, 637 at 52-53, 118, 152-53, 175, 176-80, 221, 644 at 49-50, 55-56, 86-87, 89, 130], and (2) engaged in firearms trafficking, in violation of 18 U.S.C. § 924(n) [Docs. 637 at 84-93, 103-06, 108-10, 117-19, 644 at 116-17, 118-19, 120, 121-23, 129]. Again, a rational factfinder might quite permissibly have found Mr. Jones knew the funds he provided were derived from specified unlawful activity, namely, interstate firearms trafficking. Respecting the third element, Mr. Jones' payments to others to purchase firearms [Docs. 636 at 184, 637 at 52-53, 118, 152-53, 175, 176-80, 221, 644 at 49-50, 55-56, 86-87, 89, 130] would lead ineluctably to a finding he knowingly and voluntarily entered into the money laundering conspiracy.

Consequently, Mr. Jones' motion for judgment of acquittal is meritless. Moreover, there is no evidence the jurors confused the money laundering conspiracy with the firearms trafficking conspiracy. The interests of justice thus do not weigh in favor of a new trial. Fed. R. Crim. P. 33(a).

**B. Counts One and Three**

Mr. Jones next claims insufficient evidence for the Counts One and Three convictions. [Doc. 632 at 8]. He further contends his convictions on both counts give rise to a double jeopardy violation and indicate juror confusion. *Id.*

A successful conspiracy conviction rests upon "(1) an agreement between two or

more people to violate federal law; (2) [the defendant's] knowing and willing participation; and (3) an overt act in furtherance of the conspiracy." *United States v. Rafiekian*, 991 F.3d 529, 547 (4th Cir. 2021) (citing *United States v. Camara*, 908 F.3d 41, 46 (4th Cir. 2018)). "To be convicted under an aiding-and-abetting theory of liability, a defendant must '(1) take[ ] an affirmative act in furtherance of [an underlying] offense, (2) with the intent of facilitating the offense's commission.'" *United States v. Moody*, 2 F.4th 180, 198 (4th Cir. 2021) (alterations in original) (quoting *Rosemond v. United States*, 572 U.S. 65, 71 (2014)).

   The substantive offense here at issue is traveling interstate with the intent to deal in firearms without a license, in violation of 18 U.S.C. § 924(n). An accused must have (1) traveled from one state to another to acquire, or in an attempt to acquire, firearms; and (2) engaged in such travel with the intent to violate 18 U.S.C. § 922(a)(1)(A). Section 922(a)(1)(A) criminalizes dealing in firearms without a license. A conviction rests upon proof the defendant (1) engaged in the business of dealing in firearms; (2) lacked a federal license; and (3) acted willfully. 18 U.S.C. § 922(a)(1)(A).

   The evidence supports the jury's findings Mr. Jones both conspired to commit and aided and abetted the commission of the offense of travelling interstate with the intent to deal in firearms without a license, in violation of 18 U.S.C. § 924(n). At trial, the Government introduced numerous firearm transaction records, specifically 48 ATF Form 4473s. [Docs. 613-4 to 613-8]. The testimony indicated the forms were falsely executed to purchase firearms for Mr. Jones and other co-conspirators. [Docs. 636 at 171-75, 637 at 51, 148-49, 218-21, 644 at 21, 23, 51-54, 84-85]. The Government's summary chart identified the purchasers, the purchase and recovery dates, the makes and models, and the sellers. [Doc. 614-26]. No less than ten witnesses -- including straw purchasers, recruiters, and traffickers -- tied Mr. Jones to the conspiracy and the substantive

offense. Mr. Jones acknowledges as much in part, noting the "testimony may well constitute an agreement, understanding or conspiracy to traffic firearms." [Doc. 632 at 3]. Accordingly, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Millender*, 970 F.3d at 528 (quoting *Jackson*, 443 U.S. at 319) (emphasis in original).

Mr. Jones' remaining arguments are also meritless. Respecting double jeopardy, "[i]f 'the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.'" *Rutledge v. United States*, 517 U.S. 292, 297 (1996) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Inasmuch as the aiding and abetting offense required proof of elements that were not required in the conspiracy conviction, there was no Double Jeopardy violation. Moreover, again, there is no evidence of juror confusion on these two charges, much less sufficient evidence to warrant granting a new trial. Fed. R. Crim. P. 33(a).

## IV.

For the foregoing reasons, the Court **DENIES** Mr. Jones' Motion for Judgment of Acquittal or, Alternatively, Motion for a New Trial. [Doc. 632].

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to the Defendant and his counsel, the United States Attorney, the United States Probation Officer, and the United States Marshal Service.

ENTER: August 2, 2023

Frank W. Volk
United States District Judge