UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO. 5:22-cr-00046

BISHEEM JONES

### MEMORANDUM OPINION AND ORDER

On June 22, 2023, the Court convened for sentencing but ultimately continued the matter to review whether to apply the firearms trafficking enhancement under U.S.S.G. § 2K2.1(b)(5). [Doc. 778]. The Government filed a Motion for Leave to File Memorandum Regarding Trafficking Enhancement on August 1, 2023. [Doc. 789]. The Court granted the Government's Motion and instructed Mr. Jones he may file a response to the Government's memorandum. [Doc. 799]. The parties timely filed their memoranda and responses. [Docs. 790, 800]. The Court reconvened for sentencing on September 1, 2023, at which point the Court **OVERRULED** Mr. Jones' objection to Paragraph 45 of the Presentence Investigation Report ("PSR") and applied the firearms trafficking enhancement under U.S.S.G. § 2K2.1(b)(5). The Court sets forth its reasoning below.

I.

A jury trial commenced on December 12, 2022. On December 16, 2022, the jury returned a verdict of guilty, resulting in Mr. Jones' convictions under §§ 18 U.S.C. 371, 1956(h), and 924(n) and 2. The PSR recommended a four-level increase to Mr. Jones' offense level. It noted

he engaged in the trafficking of firearms by obtaining them here from straw purchasers, intending to transport them to Philadelphia, Pennsylvania for resale. U.S.S.G. § 2k2.1(b)(5).

Mr. Jones offers three arguments in opposition. First, Mr. Jones contends he must have received multiple firearms from a single individual for this enhancement to be applicable. In support of this contention, Mr. Jones cites *United States v. Henry*, 819 F.3d 856, 870-72 (6th Cir. 2016), which held application of the trafficking enhancement requires a transfer of two or more firearms to a single individual. [Doc. 800 at 1]. Second, he contends the Government must show the transferee could not lawfully possess firearms. He relies on *United States v. Francis*, 891 F.3d 888, 897-98 (10th Cir. 2018), which reached this holding by incorporating its precedent under 18 U.S.C. § 922(d)(1) into the firearms trafficking enhancement. Finally, Mr. Jones contends application of both the firearms trafficking enhancement under U.S.S.G. § 2K2.1(b)(5) and the separate enhancement under U.S.S.G. § 2K2.1(b)(6)(B) constitutes impermissible double counting. [Doc. 800 at 2].

## II.

Under U.S.S.G. § 2K2.1(b)(5), a defendant's offense level is increased by four if he "engaged in the trafficking of firearms." The defendant must have "transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual [(the recipient prong)]." U.S.S.G. § 2K2.1 cmt. n.13. Next, the defendant must have "[known] or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual (I) whose possession or receipt of the firearm would be unlawful; or (II) who intended to use or dispose of the firearm unlawfully [(the transferee prong)]." *Id*.

"[T]here is a presumption that double counting is proper where not expressly prohibited by the guidelines." *United States v. Dowell*, 771 F.3d 162 (4th Cir. 2014) (alteration in original) (quoting *United States v. Hampton*, 628 F.3d 654, 664 (4th Cir. 2010)). The firearms trafficking enhancement provides that "[i]f the defendant used or transferred one of such firearms in connection with another felony offense (i.e., an offense other than a firearms possession or trafficking offense) an enhancement under subsection (b)(6)(B) also would apply." U.S.S.G. § 2K2.1 cmt. n.13(D). The enhancement under subsection (b)(6)(B) applies "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The commentary further defines another felony offense as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." Id. § 2K2.1(b)(6)(B) cmt. n.14(C). The Guidelines thus define another felony offense as both an offense "other than a firearms possession or trafficking offense" and an offense "other than the . . . firearms possession or trafficking offense."

### III.

As to the recipient prong, co-conspirator Megan Bickford, among other witnesses, testified that she purchased firearms, which were then provided to Mr. Jones. Tr. 284-86 (Ms. Bickford likely misstated the date of the first delivery. Although she agreed that this delivery took place on September 25, the relevant ATF Form 4473s indicate she purchased the firearms on September 26). Specifically, on September 26 and 28, 2020, the Government's exhibits and summary chart reveal that Ms. Bickford purchased six firearms. Gov. Exs. 5-7, 49. Although she

testified that two were not intended for Mr. Jones, she recounted the September 26 delivery where presumably the other two firearms purchased on that date were provided to him. Tr. 284-86. In total, Ms. Bickford purchased 50 firearms as part of the conspiracy. Gov. Ex. 49. Moreover, Mr. Jones's co-defendant Derrick Woodard testified that, on September 28, 2020, on the way back to Philadelphia, he, Mr. Jones, and another co-defendant, Shyheem Woodard-Smith, sold firearms for $16,000 at a hotel. Tr. 339-41; Gov. Ex. 78. According to Mr. Woodard, Mr. Jones kept the profits from this sale and subsequently failed to provide him his share. Tr. 327-29, 342; Gov. Ex. 79. As a result, there is sufficient evidence to conclude that Mr. Jones, or at least his co-conspirators, "received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual." U.S.S.G. § 2K2.1 cmt. n.13.

With respect to the transferee prong, as discussed throughout this case, Mr. Jones employed straw purchasers to obtain these firearms, obscuring who actually possessed the weapons. Moreover, on September 28, 2020, Mr. Jones along with others sold firearms to individuals in a hotel after travelling back from West Virginia. Tr. 339-41; Gov. Ex. 78. Mr. Jones's co-defendant and former romantic partner, Sequoyah Swain, further testified that Mr. Jones needed the firearms for a "war" going on in Philadelphia, in which people were dying. Tr. 409-10, 426-27. Another co-conspirator, Dejaha Morris, testified that Tyana Bly, another of Mr. Jones's co-defendants and former romantic partners, told her that Mr. Jones was "associated with" "the killings and stuff" "happening in Philly." Tr. 484. According to the Government's summary chart, two of the firearms from the September 26 and 28, 2020 purchases have been recovered along with numerous others. Gov. Ex. 49. This evidence establishes, by a preponderance, that Mr. Jones "had reason to believe that [his receiving firearms] would result in the transport, transfer, or disposal of a firearm to an individual . . . who intended to use or dispose of the firearm unlawfully."

4

U.S.S.G. § 2K2.1 cmt. n.13. Because both elements are met, the firearms trafficking enhancement is warranted.

Our Court of Appeals has not addressed whether any firearm possession or trafficking offense can serve as the basis for an enhancement under U.S.S.G. § 2K2.1(b)(6)(B), but other courts in this District have considered similar situations. Specifically, in *United States v. Buzzard*, 439 F. Supp. 3d 798, 800-01 (S.D. W. Va. 2020) (Goodwin, J.), my colleague reasoned that possession of a firearm does not constitute another felony offense under U.S.S.G. § 2K2.1(b)(6)(B). Otherwise, "the possession would be only 'in connection' with the possession." *Buzzard*, 439 F. Supp. 3d at 800. Additionally, the Sixth Circuit has held that "the Application Notes carve out firearms possession or trafficking offenses from felony offenses that qualify for the § 2K2.1(b)(6)(B) enhancement." *United States v. Fugate*, 964 F.3d 580 (6th Cir. 2020). The Fifth and Seventh Circuits have reached similar conclusions. See *United States v. Velasquez*, 825 F.3d 257, 259 (5th Cir. 2016); *United States v. Johns*, 732 F.3d 736, 740 (7th Cir. 2013). Accordingly, the enhancement under U.S.S.G. § 2K2.1(b)(6)(B) will not be applied to Mr. Jones.

## IV.

Based upon the foregoing discussion, the Court **OVERRULED** the Defendant's objection to Paragraph 45 of the PSR and **FOUND** the firearms trafficking enhancement proper pursuant to U.S.S.G. § 2K2.1(b)(5); the enhancement under U.S.S.G. § 2K2.1(b)(6)(B) will not be applied.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: November 6, 2023

Frank W. Volk
United States District Judge